IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE MOY, Inmate #B62035, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-272-GPM |
| | ) |
| J. EVANS, DR. RAYFORD, DR. | ) |
| FIENERMAN, CHRISTINE BROWN, | ) |
| DR. SHEPHERD, NURSE PRESSWOOD, | ) |
| DR. THOMAS, and DR. KIRKLAND, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that while incarcerated at the Pinckneyville Correctional Center, he experienced constipation and abdominal pain, for which he sought treatment from the health care unit. Plaintiff states that he saw Defendant Shepherd frequently and Defendant Fienerman a few times, both of whom treated him with Dulcolax on certain occasions. The number of times Plaintiff requested treatment and saw a physician is unclear, but at some point he was sent to a hospital in East St. Louis, Illinois, for x-rays and a colonoscopy. Nowhere in the complaint does Plaintiff name his condition or state a medical diagnosis, nor does he indicate how long he had to wait before receiving treatment from a specialist. Plaintiff states that each of the defendants acted with deliberate indifference to his serious medical needs.

## LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer,* "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id.; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct.

>995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

>[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

>Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he "knows of and disregards an excessive risk to inmate health or safety."

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury

instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these legal standards, Plaintiff has not stated a claim of deliberate indifference to his serious medical needs. First, Plaintiff has not demonstrated a serious medical need. He states that he suffered from constipation and accompanying pain, but he does not offer any information regarding a diagnosis or condition. Second, where Plaintiff describes his treatment by Defendants, it does not amount to deliberate indifference. He states that he saw Defendants Shepherd and Fienerman and that he was offered some treatment by each of them, culminating in testing by an outside physician. Without more, these descriptions do not show deliberate indifference but that Plaintiff was treated and eventually received outside medical care. The Court suspects that the crux of Plaintiff's argument involves delay in treatment, but the Court cannot make that logical inference if the Plaintiff does not specifically state it.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 01/31/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge